# WHEELING.

## SHUMAN V. SHUMAN.

### July 17, 1876.

1876.
June Term.

A husband, during the coverture, conveys a tract of land, by deed, in which his wife does not join, and afterwards makes his will, which is admitted to probate, in which will he makes a liberal provision for his wife, both in real and personal property; the widow does not re- nounce the provisions of the will within one year, but in fact accepts and approves of the provisions of the will in her behalf—HELD:

1. That such provision and failure to renounce the provisions of the will does not necessarily exclude the widow's right to dower in the land conveyed by her husband, by force of the eleventh section of chapter seventy-eight of the Code of West Virginia.

2. That to bar the widow's right of dower in such land it must appear, from a fair construction of the will, that the testator intended such provision to be in lieu of dower, under the act in regard to join- tures.

3. That under a fair construction of the will, and especially in view of tne provisions of the *second* clause thereof, which is in these words —"I give to my wife Louisa one-third of all my real estate, in case she survives me, for and during her natural life, and also one-third of my personal estate, excepting therefrom the twelve hundred dollars to be paid by my son Joseph Shuman on the land conveyed by me to him, by deed dated the twenty-ninth day of March, 1867, at my decease, which deed is of record in the recorder's office of Ma- rion county, and in which deed my said wife did not unite with me" —it plainly appears that he did not intend to exclude her from dow- er therein, but he supposed she was entitled to and intended she should have dower in the said land.

An appeal, by the respondent below, Joseph Shuman

from two decrees, rendered by the circuit court of Marion county, in a suit therein pending, between Louisa Shuman, complainant, against said respondent, and dated June 27, 1872, and April 24, 1873.

The facts are stated in the opinion of the Court.

At the rendition of the decree of June 27, 1872, the Hon. Thomas W. Harrison, judge of said circuit court, presided, and at that of April 24, 1873, the Hon. Charles S. Lewis, judge of the same court, presided.

*A. Brooks Fleming* for the appellant.

*Lee R. Abbott* for the appellee.

EDMISTON, JUDGE :

Louisa Shuman, widow of Benjamin Shuman, filed her bill in the circuit court of Marion county, in May, 1872, setting forth that she was such widow, that her husband had departed this life in the year 1870, after having made and published his will, leaving surviving him the said Louisa, and several children ; that by his said last will and testament, which was duly admitted to probate after his death, he made devises of real estate to her for and during her life, and also bequeathed to her considerable personal property. The bill states that this was in lieu of her dower in the estate embraced in the will, but I see no such provision in the will itself. In the year 1867 the testator had sold and conveyed to the appellant, (one of his sons) a tract of land in said county, containing about one hundred and fifty-six acres ; but the appellee did not join in that deed. The widow being content with the provisions of the will accepted the same ; .at least she made no renunciation thereof as is provided she might do by the eleventh section of chapter seventy-eight of the Code of West Virginia, p. 485. This section provides, "when any provision is made for a wife, in the husband's will, she may, in one year from the time of the admission of the will to probate, renounce such provision. Such renunciation shall be

1876.
June Term.

Shuman
v.
Shuman.

made, either in person before the recorder by whom the will is admitted to record, or by a writing recorded in the office of said recorder, upon such acknowledgement or proof as would authorize a writing to be admitted to record under chapter seventy-three. If such renunciation be made, or if no provision be made for her in the will, she shall have such share of her husband's real and personal estate as she would have had if he had died intestate, leaving children; otherwise she shall have no more thereof than is given her by the will."

This suit was brought to recover her dower in the land sold and conveyed in 1867 to the appellant. The recovery was resisted by him, on the ground, mainly, that she was precluded from dower in this tract of land, by force of the above statute.

A widow shall be endowed of one-third of all the real estate whereof her husband, or any other to his use, was, at any time during the coverture, seized of an estate of inheritance, unless her right to such dower shall have been lawfully barred or relinquished. This is her fixed legal right and she cannot be deprived thereof without her consent; or unless she commits some act by which she forfeits that right—such as are specified in the law on that subject; and, of course, it must be voluntary. If an effort is made by the husband, after marriage, to bar this right, the widow can always avoid it. She may, before marriage, enter into such a contract as will bar her dower, or she may accept a post nuptial arrangement of that kind; but in the latter case she has her election after she becomes sole.

It is claimed by the appellant that the section of the Code above given is within itself, of its own force, where any provision is made for the widow, a bar to the right of dower, or to all her dower rights, unless she renounce the provisions of the same. The claim is to the extent that this section, when a provision is made, operates as a jointure per se, requiring, in all cases, a renunciation of its provisions, or that the widow will be barred of all her

dower rights. If this is so it was very useless in those who framed the Code to revive the sections, in the chapter upon dower, upon the subject of jointure. But we find that the same provisions are retained that were in the Code of Virginia upon that subject. It is not to be presumed, therefore, that the provisions upon that subject were to be a dead letter; but, on the contrary, we are to suppose that these provisions were to be of some force, under certain circumstances. My view of the question is, that this section does not, as of necessity, operate as, or to the extent of, a jointure, but that it may, depending upon the true intent and meaning of the testator. It certainly does operate *per se* to preclude the widow, without renunciation, of all participation in the real and personal property of which the testator died the owner. But this is not always the extent of the dower rights of the widow. To bar the dower rights it must appear from the true construction of the will that the provision so made was intended to have that effect. If it appears from the whole will, and especially the disposition of the property, with such facts as are proper to be looked to outside the will, that the testator intended to exclude his wife from dower, then she will be put to her election. He is not required to express it in so many words, but it must be deducible from the whole will, and such facts as throw light thereon. It is a proposition applicable to all cases, that a person who is entitled to any benefit under a will, or other instrument, must, if he claims that benefit, abandon every right or interest, the assertion of which would defeat, even partially, any of the provisions of that instrument. And applying this, to dower, the doctrine is, that if the testator has made such a disposition of his real estate, as that the assertion by the widow of her right to dower would prevent that disposition taking effect as the testator intended, then she must elect to abandon either her dower or the benefit given by the will. When a will presents the interest of the widow and the other devisees in the will in this

condition she is required to make her election, because it is then construed to be a jointure under our statutes and she is compelled to elect. If she fails to elect against the will she will be barred of all her dower rights. But if she can take under the will and not thereby disturb the provisions of the instrument, and if there be nothing in the will, either by express declaration or necessary implication, that the husband intended to bar her dower rights, then the will does not operate to that extent. Under this section of the Code, however, it must operate to preclude her from taking any further interest in the real estate of which her husband died the owner. This is its effect, without regard to the question of interest. To operate beyond this it must come under the provisions and operation of the statutes in regard to jointure.

In this case there is no claim set up by the widow for dower in any of the real estate of which her husband died seized. As she did not renounce the provisions of the will, she admits that she cannot have the benefit of the provisions of the will and also claim her dower in that part of his property. But she claims that this will cannot be construed to be a jointure, so as to bar her entire dower rights. It is not so expressed, nor is it so implied, she claims. By the enforcement of her dower right in the property in dispute no provision of the will will be defeated, either in whole or in part. And I am unable to see the matter in any other light. The will gives the widow a part of the personal estate and the residue of it, with the proceeds of the sales arising from the sale of certain lands to be equally divided, or rather to be divided in certain proportions among certain of his children, the others being fully advanced.

Admitting that the appellant can recover on his deed, as to which I express no opinion, for the incumbrance created by the dower, the amount of his recovery would be a charge upon the estate, but it would not disturb any.

of the provisions of the will that I can see. A part of the recovery would come out of her interest in the personal estate and reduce the shares of the legatees in amount, but would not disturb the proportions. I refer to the cases of *Higginbotham v. Cornwell,* 8 Gratt. 83 ; *Douglas v. Feay,* 1 W. Va. 26 ; *Craig's Heirs v. Walthall and Wife,* 14 Gratt. 518, and *Dixon v. McCue, Ibid.* 548, as authorities in support of the view I have taken of the law in this case, independent of the section of Code above referred to.

In *Dixon v. McCue,* Judge Daniel, in which the whole court concurred, thinks that Judge Baldwin in 8th Gratt. when he says "the conclusion against the claim of the widow ought to be as satisfactory as if it were expressed," stated the doctrine in regard to jointures too strongly. The opinion of Baldwin, Judge, was approved in *Douglas v Feay.* I am inclined to give it the qualification contained in *Dixon v. McCue.* And, under the more liberal doctrine, I see nothing to make the provision in this will operate as a jointure. On the contrary I think the will, on its face, shows, by the provision in the second clause of the will, that the testator believed his wife would be entitled to dower in the land in dispute and that he did not intend to bar that right. That clause is : "I give to my wife Louisa one-third of all my real estate, in case she survives me, for and during her natural life and also one-third of my personal estate, excepting therefrom the twelve hundred dollars to be paid by my son Joseph Shuman on the land conveyed by me to him by deed dated the twenty-ninth day of March, 1867, at my decease, which deed is of record in the recorder's office of Marion county, and in which deed my wife did not unite with me." He withholds from her one-third of this twelve hundred dollars, due him from Joseph for purchase money on the land, she not having joined in said deed. It is clear to my mind that the reason operating on his mind was that she would be entitled to dower in this land, she not having relin-

quished her right thereto by uniting in the deed, and he not intending to bar her dower right therein by the provisions of his will.

I am therefore of opinion that the decree be affirmed, with costs to the appellant and $30 damages.

Green, Judge, concurred.

Moore, Judge, dissented.

Haymond, President, absent.

NOTE BY REPORTER.—The foregoing decision not having been concurred in by three judges of the Court of Appeals as required by section four of article eight of the Constitution, the same is not binding authority in the inferior courts of this State, except in the case decided.