ELIZABETH WESTBROOK v. T. J. HAWKINS ET AL.

1. DOWER.  *Statute of Limitations.   Widow's possession.*
   A petition for dower is barred by the same lapse of time which will bar an action of ejectment (*Moody* v. *Harper*, 38 Miss. 599), but as the widow can remain upon the land on which her husband's dwelling-house stands until dower is assigned, the statute does not run while she is in possession.

2. SAME.  *Petition to allot.   Limitation of action.*
   Flow of time cannot benefit those who have not possession, or injure those who have (*Cameron* v. *Lewis, ante,* 134), and if the widow is forcibly ejected thirty years after her husband's death, she may then file her petition for dower.

APPEAL from the Chancery Court of Monroe County.
Hon. L. HAUGHTON, Chancellor.

The appellant's petition for dower, which alleged that her husband died in 1852, owning a quarter section of land and his dwelling-house thereon, where she resided continuously until March, 1881, when she was ousted by force, was dismissed

upon demurrer by heirs, the appellees, as barred by the Statute of Limitations.

*Gholson & Houston*, for the appellant.

The appellant's right to dower became fixed by her husband's death and is governed by the statute then in force. Hutch. Code, pp. 621, 622; *Magee* v. *Young*, 40 Miss. 164; *Bates* v. *McDowell*, 58 Miss. 815; *Ware* v. *Owens*, 42 Ala. 212. Her right to have dower assigned is not barred, because she has been continuously in possession. The cases of *Torrey* v. *Minor*, S. & M. Ch. 489, and *Jones* v. *Powell*, 6 John. Ch. 194, do not militate against this position, but sustain it. The Chancery Court, in an application for dower, has nothing to do with the rights of third parties in interest or the Statute of Limitations. All this would come up in an action of ejectment or unlawful detainer. *Farmers' Bank* v. *Tappan*, 5 S. & M. 112; *Holloman* v. *Holloman*, 5 S. & M. 559; *James* v. *Rowan*, 6 S. & M. 393; *Bisland* v. *Hewett*, 11 S. & M. 164.

*Murphy, Sykes & Bristow*, for the appellees.

1. A petition for dower is an application to have certain lands allotted to the widow, and that she be placed in possession thereof by the sheriff. Code 1857, p. 470. It is therefore, in the strictest sense, a possessory action for land, and it is therefore barred by the lapse of the period prescribed by the statute for bringing an action of ejectment. *Torrey* v. *Minor*, S. & M. Ch. 489; *Moody* v. *Harper*, 38 Miss. 599; *Jones* v. *Powell*, 6 John. Ch. 194. In this case, either the *twenty* year statute of Hutch. Code, p. 824, or the *ten* year statute of Code 1857, p. 398, would bar this petition, but the latter statute applies under the rule laid down in *Briscoe* v. *Anketell*, 28 Miss. 361, and *Carothers* v. *Hurley*, 41 Miss. 71. Even outside of any statute of limitations this petition would be dismissed as a stale claim. *Twenty-nine* years have elapsed since the husband's death, and no step has been taken in all that time to have the dower assigned. *Vigilantibus non dormientibus leges subveniunt.* *Tuttle* v. *Willson*, 10 Ohio, 24.

2. The law gives the widow the right to occupy the dwelling-house until her dower is assigned. It was never intended that she should be at liberty to delay indefinitely applying for

her dower, and hold the houses and plantation all the time free from rent. But, however this may be, it can have no effect on her right to apply for dower at any time. Whether in possession or out can make no difference. Her right to bring her action for dower " first accrues " at her husband's death, and continues all the time. And she must apply for it within ten years from the time it first accrues.

CHALMERS C. J., delivered the opinion of the court.

A petition for dower is barred by the same lapse of time that will bar an action of ejectment (*Moody* v. *Harper*, 38 Miss. 599), but although nearly thirty years is shown by the petition in this case to have intervened between the death of the husband and the filing of the petition, it is stated that the widow has been continuously in possession of the land from the death of her husband until a short time before the filing of the petition, — a possession from which she has been recently ousted by force. The statute did not run while she was in possession. The land is averred to have been that upon which was the dwelling-house of the husband at the time of his death, and consequently the widow was legally entitled to remain there until dower was assigned her, and it was as much the business of the heirs as of herself to have the assignment made. So long as it was not made the statute did not run against her, she continuing in possession. It was said in *Cameron* v. *Lewis*, ante, 134, 140, that " he who is out of possession can derive no advantage from the flow of time, and he who is in possession can never be damaged by it."

*Decree reversed and demurrer overruled.*