# CHARLESTON.

## SPERRY *v.* SWIGER.

Submitted June 4, 1903.    Decided November 28, 1903.

1. STATUTORY LIMITATIONS—*Widow's Dower.*
   The statutory bar to a widow's remedies for recovery of dower is ten years from the death of her husband, when her right to sue accrues. But where the widow is in possession and taking rents and profits in common with the heirs, the statute does not run against her dower right while so in possession. (p. 285).

2. STATUTORY LIMITATIONS—*Widow's Will.*
   Where a will devises land to the widow of the testator to hold under her control and management until testator's youngest child attains majority, with direction to apply its rents and profits to the support of minor children until of age, and the widow is in possession under such will, the statute of limitations does not run against her dower right while so in possession. (p. 288).

3. WILL—*Widow.*

> To bar a widow's dower right for failure to renounce her husband's will, the will must make a provision for ner use and benefit, and must be intended by the testator to be in lieu of dower. (p. 289).

Appeal from Circuit Court, Harrison County.

Bill by M. G. Sperry against Mary C. Swiger and others. Decree for defendant Cunningham, and plaintiff and defendant Swiger appeal.

*Affirmed.*

M. G. SPERRY and E. G. SMITH, for appellant.

T. N. PARKS, for appellees.

BRANNON, JUDGE:

Franklin Cunningham died owning a tract of land, leaving a will containing this provision: "I give, devise and bequeath to my wife, Susan L. Cunningham, all my estate both real and personal or mixed of which I shall die seized and possessed or to which I shall be entitled at my decease * * * To have and to hold the same to her control and management until my youngest child shall arrive at twenty-one years of age, it is further provided in this my will that the property herein devised and bequeathed my wife, Susan L. Cunningham, shall by the rents and profits of said property be appplied as a support and home for my minor children until they arrive at twenty-one years of age." M. G. Sperry brought a suit in equity in Harrison county against Susan L. Cunningham, widow of said decedent, and his heirs to partition the land, denying in his bill that said widow had any dower right, claiming that as she had not renounced the will she was for that reason barred of dower, and that she was also barred of dower for the further reason that more than ten years had passed since the death of her husband, and that she was barred by limitation. She had been in possession eleven years after the death of her husband before the suit. The youngest child had attained majority. The court decreed dower to her, and Sperry and Mary C. Swiger, one of the heirs, appeal.

Is Mrs. Cunningham entitled to dower? This depends upon several questions. Does the general statute of limitations, "No person shall make an entry on, or bring an action to recover,

any land, but within ten years next after the time at which the right to make such entry or to bring such action shall have first accrued to himself or to some person through whom he claims," (Code, chapter 104, section 1), apply to dower right? If we follow the cases of *Morris* v. *Roseberry,* 46 W. Va. 24, and *Smith* v. *Wehrle,* 41 *Id.* 270, holding that "The statutory bar to a widow's remedies for the recovery of her dower is the lapse of ten years from the death of her husband, when her right to sue accrues"; we must say that a dower right is barred by that statute. But it is said that *Smith* v. *Wehrle* is too broad in its syllabus; that those cases cannot apply to a contest between a widow and heirs, but only to one claiming by conveyance from the heirs, or sale under a deed of trust given by the husband, or sale under decree, where there is adverse possession by color of title. In *Smith* v. *Wehrle,* the case was between the widow and a purchaser at a sale under a deed of trust given by the husband, and it seems plain that the statute would in such case bar dower. In *Morris* v. *Roseberry,* however, the case was between the widow and one of the heirs who obtained a tax deed. It was held that the dower was barred. We may say this was a hostile claim under a tax deed; but as this tax deed enured to the benefit of the heirs we may regard the case as holding that as between the widow and heirs the statute applies. It followed the syllabus in *Smith* v. *Wehrle.* The argumentation in the latter case goes to apply the statute as well in a contest between the widow and heirs as to one between her and alienees of the heirs. Is the syllabus in those cases too broad? Are they wrong? I assented to them because I thought them sound law. I still think so. The possession of the heirs is not the possession of the widow, like coparceners or tenants in common, nor is there privity between them. "Nor does she as tenant in dower hold her estate of the heir or tenant who set it out to her, but of her deceased husband, or rather by appointment of law. The law, moreover, does not consider that there is any privity of estate between the dowress and the reversioner of her lands." 1 Washb. R. Prop. section 486. We will find cases holding that the statute does not bar dower; but it will seem that in most of those such decisions are upon statutes taken from the English Act, 21 Jac. 1, which bars only where there is a right of entry, and as a widow, until assignment of dower, has no estate or right of entry, the

statute was held not to apply to her. So some are on statutes taken from 32 Henry 8 requiring seizin in the person to be barred and a widow had no seizin. 2 Scrib. on Dower, sections 12, 17; *Barnard* v. *Edwards* 17 Am. D. 403; *Moore* v. *Frost,* 3 N. H. 126; *Parker* v. *Obear,* 7 Met. 24. But no seizin or right of entry, in case of dower, is required by our statute above quoted. Though a widow has no seizin, right of entry or vested estate before assignment of dower, yet our Code, chapter 65, section 10, says that a widow entitled to dower "may recover said dower and damage for its being withheld by such remedy at law as would lie on behalf of a tenant for life having a right of entry or by bill in equity." This gives her right to sue at once upon the husband's death. There may be a few states, not having statutes imported from England, but general statutes that hold them not applicable to dower; but the bulk of decisions hold that general statutes of limitations limiting suits generally for recovery of possession of land apply to dower. In *Conover* v. *Wright,* 47 Am. D. 213, the New Jersey court said of an act "that every real, possessory, ancestral or mixed or other action for land * * * * shall be brought within twenty years after the right or title thereto shall accrue", that "it, in very terms, applies to all actions for the recovery of land and it is difficult to see how it can fail to apply to an anction for dower. It bars not the right of entry merely, but any action brought for recovery of land. Land is sought to be recovered in this action, and the widow's title becomes absolute on the death of the husband." In *Procter* v. *Bigelow,* 38 Mich. 282, the statute was "No person shall commence an action for the recoverey of lands, nor make entry thereon, unless within twenty years after the right to make such entry or bring such action first accrued." The court said: "If Mrs. Bigelow could have brought an action of ejectment in 1851 (it is not pretended that she could not have done so) she comes within the plain terms of the statute. We are not called upon to discuss the propriety of the old decisions, which certainly strained the law very much to favor dower. The forms of remedy under which that over-nice casuistry was adopted, have been changed into a single and universal remedy which will not permit any different treatment of suitors. All must be governed by the same regulations." I cite the following further cases to show that the general statutes of limitations for actions for land ap-

ply to dower: *Beebe* v. *Lyle,* 73 Mich. 114; *Robinson* v. *Ware,* 94 Mo. 678; *Beard* v. *Hale,* 95 Mo. 18; *Branch* v. *Cole,* 18 Fla. 368 *Care* v. *Keller,* 77 Pa. St. 490; *Durham* v. *Angier,* 20 Me. 242; *Berrien* v. *Conover,* 1 Harrison 107; *Larow* v. *Beam,* 10 Ohio 498; *Phares* v. *Walters,* 6 Clark, (Iowa) 106; *Lyle* v. *Reynolds,* (S. C.) 1 Brev. 76; 10 Am. & Eng. Ency. L. 205; *Westbrook* v. *Hawkins,* 59 Miss. 498; *Owen* v. *Peacock,* 38 Ill. 33. In *Jones* v. *Powell,* 6 Johns Ch. 194, Chancellor Kent said that even under a statute like the English act that "no action for the recovery of any land, etc., shall be maintained, etc., unless on seizin or possession, etc., either of the plaintiff or of his ancestor," "the general and sweeping language of this act, no less than the sound policy of it, would dictate the application of it to dower, as well as to any real action." He held that limitation would bar the common law writ of dower *unde nihil habet.* Many cases in South Carolina so hold. *Ramsey* v. *Dozier,* 1 Const. Ct. (Treadw.) 76, and other cases cited in 2 Scrib., Dower, 576. In 2 Scrib. 578, after stating that there is some conflict, the author says: "The general doctrine in regard to limitation of actions is, that the cause of action or suit arises as soon as the party has a right to apply to the proper tribunal for relief. In many states the widow has right by law to proceed for the recovery and assignment of her dower immediately upon the death of her husband. (Such is the West Virginia act). It is immaterial to her whether the heir, or a stranger asserting an adverse title, is in possession; her right of action is as perfect and complete against the one as the other. In this respect there is an essential difference between the case of a dowress and a party having title to land. Until the possession of the latter is disturbed or invaded, no cause of action arises in his favor; and consequently, until that time, the statute cannot commence to run against him. But as the widow can assert her claim, and bring her action at once, it would seem, upon the principle above laid down, that it should be considered as coming within the operation of the statute." It is not a question of adverse possession; not a question whether the heirs deny or admit the dower right. She can sue regardless of this. If they do not assign dower, which the law says they must do without demand, they unlawfully withhold dower, in the eye of the law.

Our Code, chapter 65, section 8, says: "Until her dower is assigned the widow shall be entitled to demand of the heirs or devisees one-third part of the issues and profits of the other real estate which was devised or descended to them, of which she is dowable, and in the meantime may hold, occupy, and enjoy the mansion house and curtilage without charge." Being in possession of the mansion and curtilage, of course, the statute does not run against her as to them. *Westbrook* v. *Hawkins,* 59 Miss. 499. This implies that the possession is adverse as to other land. But this statute excludes her from possession of the balance of the land until dower is assigned; it is in the possession of the heirs. Of course, she is not co-tenant with them, like a co-parcener. All she has is a money demand for a part of the issues of the other land. Where one gets all the profits or issues of land, he is in equity owner; but the dowress is not under this statute co-tenant, so as to enable her to say that the heirs must bring home notice of hostile claim, for to be co-tenant one must have right to joint possession with another. The cases of *Smith* v. *Wehrle* and *Morris* v. *Roseberry* seem to be well grounded, in their most general sense, on authority. They have stood some years, are a rule of property, and even if there were some doubt of their correctness, should not be disturbed. I have no doubt as to them. Why should a claim of dower not fall under the statute? Shall mere sympathy exclude it? You bar other claims to land. You bar a married woman as to her separate estate. The heirs do not hold in trust for her. Their rights are hostile, antagonistic. If the widow is in actual possession along with the heirs taking rents and profits, or sharing them with the heirs, her right is not barred. *Haslings* v. *Mace,* 157 Mass. 502, cited in 10 Am. & Eng. Ency. L. 205.

Another question. Mrs. Cunningham was in possession of the whole tract. Does this prevent the bar of the statute? As just stated, if a widow is in possession along with heirs sharing in the issues and profits of the land, the statute does not run against her dower while so in possession. It is said that this possession by Mrs. Cunningham does not save her from the statute, as she was in possession, not in right of her dower, but as trustee for her children, bound to give them all the issues of the land, and that her possession as trustee was their possession, and that she recognized a trust for them in antagonism to her

right; but I think the true theory is this: She was in the mansion by right, and the statute could not bar her as to that. She need not sue for it, as she already had it; and as to the residue of the land she could subtract from its rents and profits one third, notwithstanding the trust, and a court of equity would not charge her as trustee with that third. Thus, while the law is that when there is a right of action the statute runs, yet here she need bring no suit, as she already had what a suit would give, actual possession and rents and profits.

Do the provisions of the will bar Mrs. Cunningham of dower under section 11, chapter 78, Code, she not having renounced the will? By the letter of that statute to bar dower by reason of acceptance of the provision made in a will for a widow, there must be in the will a provision made for her benefit. Moreover, that provision must appear to have been intended by the testator to be in lieu of dower. *Shuman* v. *Shuman,* 9 W. Va. 50; *Cunningham* v. *Cunningham,* 30 *Id.* 599, 604. This will gives nothing to the widow. It takes all away from her. Surely we cannot say that her husband intended to deprive her of dower.

Therefore, we affirm the decree.

*Affirmed.*