Ater v. Simpkins.

*Statute of limitations—Dower barred in twenty-one years—No extension by occupancy by widow and children.*

1. Right of dower is barred after the lapse of twenty-one years from the date of the death of the husband.
2. The twenty-one year period cannot be extended by the fact that the widow occupies the entire premises with her minor children during such time.

(Decided May 23, 1922.)

Error: Court of Appeals for Pickaway county.

*Mr. Charles H. May* and *Mr. Charles Dresbach,* for plaintiff in error.

*Mr. Charles Gerhardt; Mr. R. Simpkins* and *Mr. J. F. Snyder,* for defendant in error.

Sayre, P. J. The petition states a cause of action for the assignment of dower and one-third of the rents and profits since February 23, 1906, of certain lands of which the plaintiff's husband, Roland Ater, died seized.

The answer states that Roland Ater died February 12, 1895, that no claim or demand for dower was made until the date of the filing of the petition on March 19, 1917, and that plaintiff's cause of action is barred by the statute of limitations. There is a further allegation that since February 12, 1895, defendant and his predecessors have held open and notorious possession, adverse to that of plaintiff.

In her reply plaintiff admits that Roland Ater died February 12, 1895; that at that time she was

living on the real estate described in her petition with her minor children and that she and they continued to occupy said premises until March 1, 1897; that upon his own solicitation one David Adkins was appointed guardian of such minor children April 7, 1896; that from her husband's death to April 7, 1896, "she was in the continuous, exclusive and adverse possession, control and occupation of all of said lands for the joint use and benefit of herself and her said minor children, and that after the date of the appointment of said guardian she continued to live upon said land and to use and occupy the same for the joint use of herself and said minor children to and until the 1st day of March, 1917."

Plaintiff also says in her reply that she can neither read nor write, and that after the appointment of Adkins he informed her that she had no dower right in the land, but that it all belonged to her minor children, and that at the instance and direction of the guardian she moved off the land on March 1, 1917. She states further that she did not know her rights and trusted and relied upon the representations and statements of the guardian, and wholly on that account did not assert her dower interest, and that she never knew she had such interest until March 17, 1917.

It appears from the pleadings that the land described in the petition was sold at partition sale in the year 1899, that plaintiff was not a party, and that the title is now in the defendant, J. F. Simpkins.

A motion to strike out, which was treated as a demurrer by agreement, was sustained and plaint-

iff's action was dismissed in the Court of Common Pleas.

It is conceded that a widow's right of action for the assignment of dower, by virtue of the provisions of Section 12005, General Code, may be barred by the limitation prescribed in Section 11219, General Code, but counsel for plaintiff contend that in this case, since plaintiff continued to use and occupy the premises described in the petition from the date of the death of her husband, February 12, 1895, to March 1, 1897, the statute did not begin to run until the last-named date; that consequently the period of twenty-one years had not elapsed when the petition was filed on March 19, 1917. The precise question has not been decided in Ohio, and we are referred to a large number of decisions in foreign jurisdictions. Our attention is particularly called to the following language in 19 Corpus Juris, 559:

"Nor does the statute run against her right to recover dower while she is in possession and enjoyment of the lands * * *."

Three cases are given as authority for this proposition: *Sperry* v. *Swiger*, 54 W. Va., 283, 46 S. E., 125; *Hastings* v. *Mace*, 157 Mass., 499, 32 N. E., 668; *O'Bryan* v. *Langley*, 22 Ky. L. Rep., 1030, 59 S. W., 523.

The first case clearly supports the contention of counsel, but seems to rest upon the authority of *Hastings* v. *Mace*, and the decision in *Hastings* v. *Mace* is absolutely controlled by a statute of Massachusetts unlike any Ohio statute. The opinion in the case of *O'Bryan* v. *Langley* merely states:

"Section 2138 of the Kentucky Statutes provides that the wife shall hold the mansion house,

etc., without charge, until dower is assigned her; and the statute of limitations does not run against a right of dower where the widow has been continuously in possession of the land owned by her husband at the date of his death.''

These decisions, therefore, are not very persuasive, in view of the language of our statutes to which we will refer later on.

The rule in Illinois is stated in *Sill* v. *Sill*, 185 Ill., 594, 605; 57 N. E., 812, 816, as follows:

''It is the duty of the heir to assign dower, and, for this reason, his possession is not regarded as adverse to the owner of the dower estate, for otherwise he would be allowed to take advantage of his own wrong. It is only against strangers, or a purchaser either from the deceased owner of the fee, or from his heir or heirs, that the statute of limitations can be pleaded as a defense to the enforcement of a dower right. 'While the heirs of a deceased husband are in possession of his lands, the statute of limitations does not run against the widow's claim of dower; otherwise, where a purchaser is in possession holding adversely.' *Livingston* v. *Cochran*, 33 Ark., 294; *Stidham* v. *Matthews*, 29 Ark., 650; *Danley* v. *Danley*, 22 Ark., 263; *Hastings* v. *Mace*, 157 Mass., 499; *O'Gara* v. *Neylon*, 161 Mass., 140; *Hart* v. *Randolph*, 142 Ill., 521.''

It will be observed that the authorities cited are Arkansas and Massachusetts. We have seen that the Massachusetts authorities rest upon a statute peculiar to that state. The statutes for Arkansas are not available to us, but are referred to in *Carnall* v. *Wilson*, 21 Ark., 62, 76 Am. Dec., 351, as follows:

''It is the duty of the heirs at law however,

if of age, and if not, it is the duty of their guardians to assign dower to the widow in the lands, as soon as practicable after the death of her husband; and if dower be not assigned to her within one year after his death, or within three months after demand by her, she may apply to the probate court for the appointment of commissioners to lay off her dower: *Dig.*, ch. 60.

"Until the dower is assigned to her, she has the right to remain and possess the mansion or chief dwelling-house of her late husband, together with the farm thereto attached, free of all rent: *Ib., sec. 18.*"

As indicated, the statutes of Arkansas are so unlike Ohio statutes that a decision of the courts of the former cannot be accepted as authority on the question at issue in the latter.

The case of *McFarland* v. *McFarland*, 278 Mo., 1, was a suit for a dower interest after the dower had been assigned. See next to last paragraph of opinion in *Edmonds* v. *Scharff*, 279 Mo., 78, where writer of the opinion comments on *McFarland* v. *McFarland*.

Our Section 12005, General Code, authorizes a widow to bring an action for her dower interest in land. There is no special statute of limitation to the bringing of such suit in this state. The case of *Tuttle* v. *Willson*, 10 Ohio, 24, decides that the general statute of limitations (now Section 11219) includes actions for the assignment of dower, because it is an action for the possession of land, and that section provides that an action to recover possession of lands "shall be brought within twenty-one years after the cause thereof accrued," while Section 11218 provides that "a civil action, unless a different limitation is pre-

scribed by statute, can be commenced only within the period prescribed in this chapter." Now the plaintiff's cause of action accrued the day her husband died, February 12, 1895. That day she could have brought her suit for assignment of dower, and that day the statute of limitations began to run.

The holding, as in Illinois and West Virginia, that the statute of limitations does not run against the claim of dower while the widow and heirs of a deceased person are in possession, but does where a purchaser is in possession holding adversely, treats the dower interest as a matter of possession alone. The argument seems to be that if the widow is in possession then the statute will not run, because a person in possession needs no judicial order to grant her what she already has. If a suit for assignment of dower is an action for possession of real property, as held in *Tuttle* v. *Willson, supra,* why should a widow bring an action for such possession when she has it? Can the statute which limits the time for bringing actions for possession of real property run against one in possession? As said in *Sperry* v. *Swiger, supra:*

"Thus, while the law is that when there is a right of action the statute runs, yet here she need bring no suit, as she already had what a suit would give, actual possession and rents and profits."

Viewed from this standpoint, the argument is unanswerable. Courts would not listen to a party suing for possession alone if he admitted he had possession. But a suit for the assignment of dower is more than a suit for possession of real property. It is a suit for a division of real prop-

erty as well. The plaintiff in her petition cannot describe the property she is seeking to get exclusive possession of. She describes the whole property of which her husband died seized, asks to have her interest determined and located, and then to have possession of it. Her suit partakes in one respect at least of the nature of a suit in partition. She is entitled to have her share set off separately from the heirs, and, if it cannot be divided, to have her interest in the rents and profits determined and paid over to her. She may be using and occupying the whole premises, and have no cause for a suit which will afford her possession merely, but she has the right which tenants in common have to have her interest judicially determined and set off to her, although, as held by the courts she does not have a right to partition. It is this suit for the location of her interest in the land, and the possession of the same, which must be brought within twenty-one years after the cause of action accrues at the time of the death of her husband. Whether she be in possession or out of possession is of no consequence. If she is in possession the court will entertain her case, because she seeks more than possession. But if she be in possession for the whole twenty-one years and more following the death of her husband, and has neglected to have her dower assigned, her right to such assignment is barred, because by Section 11219 it is barred in twenty-one years from the time it accrued.

The judgment of the Court of Common Pleas will be affirmed.

*Judgment affirmed.*

MIDDLETON and MAUCK, JJ., concur.